UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NIKKI J. THIBODEAU, | ) |
| Plaintiff | ) ) ) |
| v. | ) 1:10-cv-00371-JAW ) |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) ) ) |
| Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

Nikki J. Thibodeau commenced this civil action to obtain judicial review of Social Security Administration's denial of his claims for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act. The Commissioner has filed a motion requesting an order vacating the administrative decision and remanding for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), but the Commissioner argues in support of the motion that remand be limited to physical impairments, without mention of Thibodeau's mental impairments, and that further consideration begin with the Decision Review Board.[1] (Def.'s Mot. and Mem. in Support, Doc. No. 12.) Thibodeau desires a remand, but objects to the failure to mention his mental impairments and to the proposal that the case be remanded to the Decision Review Board (DRB) rather than directly to the administrative law judge who issued the decision under review. (Pl.'s Response, Doc. No. 13.) I reserved the motion pending oral argument on the merits of Thibodeau's action, which proceeded before me

---

[1] Although the Commissioner's motion simply requests vacatur and remand "to the Commissioner" (Def.'s Mot. at 1), the supportive memorandum of law states: "On remand, the DRB will further evaluate and weigh the opinions from Drs. Trembly (Tr. 379-381, 396-399) and Axelman (Tr. 503-06) and, if necessary, remand to the administrative law judge for additional proceedings." (Mem. in Support at 2.) The memorandum omits mention of Thibodeau's allegations of error concerning his mental residual functional capacity.

on September 12, 2011.  At oral argument, the Commissioner agreed to a voluntary remand that allows for further consideration of the evidence of both the physical and mental aspects of Thibodeau's residual functional capacity.[2]  Consequently, that issue does not require further discussion.[3]

The remaining issue is whether Thibodeau may insist on a remand order that directs further proceedings in front of the administrative law judge (ALJ).  Thibodeau contends that the DRB should not be allowed to "clean up" the ALJ's decision and he asserts that the regulations call for remand to the ALJ, citing 20 C.F.R. § 405.440(b)(3).  (Pl.'s Response at 2.)  The regulation cited by Thibodeau has been superseded by the Commissioner's promulgation of a new final rule eliminating the DRB.  Final Rule Eliminating the DRB, 76 Fed. Reg. 24802, 24810 (May 3, 2011).  This final rule action occurred subsequent to the Commissioner's motion for judgment and remand.  The new rule replaces DRB review (something peculiar to the review process in the Boston region) with review by the Appeals Council.  Id. at 24802.  Consequently, I read the Commissioner's motion to call for remand to the Appeals Council.

---

[2] The Commissioner suggested at oral argument that he will grow weary of moving for voluntary remand if claimants insist on litigating the scope of the review that must take place on remand.  This concern is understandable, but so is the claimant's concern about the yo-yo effect that might arise from unnecessarily restrictive voluntary remand orders.  Obviously, the parties and the court all have an interest in efficient administration of claims and the avoidance of unnecessary litigation.  Ideally, the Appeals Council would catch every error during its first administrative review, but the avalanche of social security claims makes this difficult, if not impossible.  Given the circumstances, voluntary remand motions are to be encouraged when the Commissioner's counsel discovers reversible error during litigation.  Unfortunately, every case is different and there does not appear to be any easy solution to the problem of how broad the remand order should be, unless the Commissioner moves for remand without attempting to impose restrictions on the scope of later administrative proceedings.  As it is, the Appeals Council may exercise discretion in regard to which findings it decides to affirm, modify, or reverse, and it may do so based on the same arguments that counsel would present to this Court.  In my view, there is no good reason why this Court should need to referee the scope of a voluntary remand order when the Commissioner retains complete decision-making discretion on remand.

[3] Thibodeau alleges a step 2 error associated with a finding that attention deficit hyperactivity disorder is not medically established.  That alleged error would prove harmless if the mental residual functional capacity assessment that results from consideration of the other mental impairments (anxiety disorder and personality disorder) includes limitations that account for this alleged impairment.  The Commissioner is free to reconsider the step 2 finding on remand, but as his residual functional capacity analysis may render it harmless, there is no need to issue an order in that regard.

Sentence four describes the court's power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The governing regulations provide:

> Case remanded by a Federal court.
>
> When a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision. If the case is remanded by the Appeals Council, the procedures explained in § 404.977 will be followed. Any issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case.

20 C.F.R. §§ 404.983, 416.1483.

I am not persuaded by Thibodeau's request for a remand order directing the Commissioner to put the matter before an administrative law judge rather than the Appeals Council. Whether the record allows for a disposition by the Appeals Council is something that the Appeals Council may decide in the first instance. Id. Thibodeau suggests that the Appeals Council should not be permitted to "clean up" mistakes made by an ALJ and that the ALJ should have to address them. However, the layers of administrative review are obviously in place to permit the Commissioner to identify and correct mistakes when they are found, including by amended decision. 20 C.F.R. §§ 404.967, 404.979, 416.1467, 416.1479. If the Appeals Council concludes that further administrative proceedings need to occur before the ALJ, or if it desires further consideration and a recommended decision from the ALJ, it has the authority to order such proceedings. Id. §§ 404.977, 416.1477. On the other hand, if the Appeals Council concludes that it should decide the issues, it may do so and its decision can be reviewed by the

Court in due course. Id. § 404.979, 416.979. Here, the Commissioner has agreed to reconsider the physical and mental residual functional capacity assessment based on the existing record and no reason exists to include instructions in the Court's remand order that are contrary to the Commissioner's regulatory scheme. Even if this were a case that called for specific instructions on remand that would require a further hearing in front of an ALJ, that would still not be a legitimate basis to circumvent the Appeals Council, as the Appeals Council may include additional instructions in connection with its administrative remand order or might chose to direct the case to a different ALJ. Ultimately, it is not the Court's role to direct how the Commissioner delegates responsibility for processing remand orders within the Administration. Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1269 (11th Cir. 2007) ("When a court remands to the Commissioner, under section 405(g), the remanded case returns to the Appeals Council, which may, in its discretion, then remand the case to the administrative law judge."); Travis v. Sullivan, 985 F.2d 919, 924 (7th Cir. 1993) (holding that the district court exceeded its authority in directing that a case be remanded to a new ALJ in the absence of evidence of bias and observing that the Appeals Council, as the Commissioner's designee, exercises supervisory administrative authority over remands from the district court); Mullen v. Bowen, 800 F.2d 535, 537 (6th Cir. 1986) (observing that the Appeals Council has jurisdiction over a case remanded by the district court).

## Conclusion

I RECOMMEND that the Court GRANT the Commissioner's motion to vacate and remand (Doc. No. 12), as modified at oral argument to include both physical and mental residual functional capacity assessment, VACATE the Commissioner's final decision, and REMAND the case to the Commissioner for further proceedings.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 13, 2011