UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NIKKI J. THIBODEAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:10-CV-00371-JAW |
| | ) |
| SOCIAL SECURITY ADMINISTATION COMMISSIONER, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES**

Nikki J. Thibodeau seeks to recover attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, following a successful appeal from the denial of her application for benefits under Title II and Title XVI of the Social Security Act. The Commissioner opposes the motion, in part, arguing that the hours counsel billed on appeal should have been significantly less because the Commissioner recognized that an error existed and filed an early motion for remand, which counsel opposed, resulting in an unnecessary hearing. I recommend that the application be granted and that attorney time and paralegal time be compensated in the amount of $4,068.19.

A fee-shifting award is appropriate unless the United States demonstrates that its position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001). In this case, the Commissioner has conceded that its administrative decision was not substantially justified, but he objects to the size of the award sought by counsel. Understanding why requires some background.

BACKGROUND

On January 3, 2011, Plaintiff filed his Statement of Errors (Doc. No. 10), asserting that the administrative decision was erroneous in regard to the assessment of both his physical impairments and his mental impairments. On February 4, 2011, the Commissioner filed a voluntary motion to remand (Doc. No. 12). In a supportive memorandum, the Commissioner noted that the administrative law judge had neglected to explain the weight given to the opinions of two physicians who assessed Plaintiff's physical condition. The Commissioner asserted: "On remand, the DRB will further evaluate and weigh the opinions from Drs. Trembly and Axelman and, if necessary, remand to the administrative law judge for additional proceedings." (Id., Mem. in Support at 2.) Implicit in this assertion was a representation that the Commissioner's supplemental review on remand would be limited to physical impairments and that the matter might not be delegated to the administrative law judge but determined by an administrative review body. Plaintiff objected on both bases (Doc. No. 13), on February 28, 2011, contending that he could not agree to the remand motion unless the Commissioner also agreed to reconsider his allegations of error concerning mental impairments and promised to return the matters to the administrative law judge. The Commissioner filed a reply (Doc. No. 14) that did not give way on either issue. On March 23, 2011, I ordered (Doc. No. 15) that the matter would be reserved and addressed in the context of a hearing on the merits of Plaintiff's appeal because Plaintiff's challenge concerning the mental impairment issue would necessitate a merits inquiry. The matter was not calendared for hearing until September 12, 2001, effectively delaying remand for in excess of six months. At the commencement of the hearing, however, the Commissioner agreed to revisit the mental impairment issue and, consequently, the strictly legal question that could have been resolved at an earlier date was all that remained for consideration. As to that

issue, I recommended (Doc. No. 21), and the Court ruled (Doc. No. 22), that it was entirely appropriate for the remand to go directly to the Decision Review Board / Appeals Council and that Plaintiff's insistence on a remand to the administrative law judge was unfounded.

**DISCUSSION**

In his fee application, Plaintiff anticipated that any award of fees for counsel time after the voluntary remand motion might be reduced by some measure. (Doc. No. 24 at 3.) Plaintiff says that the amount sought for this time period is $1,408.36 and suggests "that perhaps the fees for that time period be reduced by 25%." (Id.) The Commissioner takes a harder line, arguing that plaintiff's counsel "could have obtained the same result for his client as of February 7, 2011—when the Commissioner first proposed a voluntary remand; and that all fees generated after that date would have been avoided if not for [counsel's] unnecessary actions." (Doc. No. 25 at 4.) The Commissioner tempers this assertion to a degree, noting that counsel "did succeed in obtaining additional remand language," but says, nevertheless that an important "policy and principle" are at stake. (Id. at 5.) The Commissioner explains that, when he proposes a voluntary remand, "he always engages in a candid telephone or email correspondence with opposing counsel in an effort to arrive at mutually agreeable terms," but represents (and offers to attest to the fact) that plaintiff's counsel was not "forthcoming" about the mental impairment issue and, instead, withheld consent only "because he believed Plaintiff should receive a new hearing upon remand." (Id.) The Commissioner contends that it was a surprise when Thibodeau later filed a written opposition to the motion for remand explaining "for the first time" that he believed "the remand should also call for a reconsideration of Plaintiff's mental RFC." (Id. at 5-6.) Based on this characterization, the Commissioner advocates that none of the fees at issue be awarded or that the reduction be on the order of 80 per cent. (Id. at 4-5 n.3.) The trouble with

this characterization, however, is that it omits the fact that Thibodeau's statement of errors, filed in advance of the motion for remand, clearly raised a challenge based on the Commissioner's assessment of his mental limitations and that the Commissioner clearly knew, as of my Order reserving ruling on the motion to remand, March 23, 2011, that I intended to address the merits of the mental impairment statement of errors issues at oral argument. At that juncture the Commissioner could have notified the court that he had no objection to the remand order language that was finally adopted and the case would have indeed been narrowed to the sole legal issue upon which the Commissioner ultimately prevailed, resulting in a much quicker resolution of this case.

Both parties are partially justified in their respective positions. It should not come as any surprise to them, consequently, that I recommend some reduction in the fee award that exceeds the reduction volunteered by counsel, while still falling short of the reduction advanced by the Commissioner. It is fair to say that the lion's share of counsel's time expended at oral argument, which was restricted to the solitary issue of whether the Court should direct a remand to the administrative law judge, should not be compensated. As for time expended briefing the opposition to the remand motion, counsel presented a valid opposition, but most of the analysis was focused on resisting a remand to the Decision Review Board as opposed to a remand for a new hearing before the administrative law judge; the merits issue related to mental impairment had already been briefed in the statement of errors. The billings at issue are the entries made after the February 4, 2011, motion for remand. Many of these involve attention to the electronic docket and electronic notices and these are left undisturbed. Counsel logged 3.6 hours in connection with the remand motion. I recommend that the Court allow one hour, the amount of time it would have taken counsel to explain that Thibodeau only withheld consent because the

4

Commissioner proposed to narrowly restrict the issue on remand to physical impairment. The Commissioner says that he would have agreed to remand both the physical- and mental-impairment issues, but the Commissioner did not state as much in his reply to the opposition and, instead, allowed six months to lapse until oral argument. Consequently, the Commissioner bears some fault for plaintiff counsel's preparation and appearance for oral argument. Counsel logged roughly four hours in connection with his preparation, attendance, and eventual review of the recommended decision and order adopting it. I recommend that the Court disallow two hours. In all, I recommend that the Court disallow 4.6 hours of attorney time, or $808.45.[1]

## CONCLUSION

For the reasons set forth above, I RECOMMEND that the Court GRANT Plaintiff's EAJA Application in the reduced amount of $4,068.19.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 2, 2011

---

[1] The Commissioner does not object to the requested hourly rate of $175.75 for attorney time. Although the Commissioner did not request it, I would ordinarily recommend that the Court disallow the full attorney rate for time spent preparing a garden-variety fee application. However, given the Commissioner's objection to the fee request and the need for counsel to reply to it, the extra time spent on the reply (not yet expended when the fee application was presented) would essentially balance this out. I also note that counsel's bill reflects very efficient (1.5 hour) preparation of the fee application.

5